### RANNEY v. STOLL.

1. INJUNCTION—INJURY—EQUITY.

   An injunction bill must aver some substantial or positive injury; mere preference or desire on the part of the complainant will not justify restraining acts which are merely injurious to feelings or which amount to no more than invasion of complainant's right of privacy.

2. SAME—RECORDING OF LAND CONTRACT.

   The writ will not issue to enjoin the register of deeds from recording an assignment, duly acknowledged, of an interest in a land contract that was not acknowledged or proven so as to be entitled to record, but which the assignment refers to and which is thereto annexed, where complainant's bill merely avers that the contract included matters of a private nature which he disliked to have placed on record.

3. SAME—PARTIES.

   The assignee of an interest in the contract who caused it to be recorded was a necessary party to the suit.

Appeal from Wayne; Hosmer, J.  Submitted January 16, 1913.  (Docket No. 142.)  Decided March 21, 1913.

Bill by Frederick T. Ranney against Otto Stoll, register of deeds for Wayne county, for an injunction restraining defendant from recording certain instruments. From an order dissolving a temporary injunction, complainant appeals. Affirmed.

*Lucius H. Collins,* for complainant.

*Cullen, Casgrain & Hanley,* for defendant.

STEERE, C. J. In this suit complainant filed an injunction bill in the circuit court for Wayne county, in chancery, to restrain defendant, as register of deeds of said county, from recording a certain land contract between one Robert Thuner and complainant, on the ground that the same was not acknowledged in accordance with the provisions of the statute authorizing the recording of land contracts, and that it—

" Contains matter that is exclusively private to the parties thereto, and in no sense such as is customarily set out at length in ordinary land contracts; that it is such matter as is of no interest to the general public.  *  *  * Wherefore your orator dislikes the making public any record thereof, as he asserts it is of such a character that the public at large can have no interest in and are not entitled to any knowledge thereof."

The bill of complaint was sworn to by complainant on October 23 and filed on October 24, 1912. On the day it was filed a preliminary injunction was granted. On November 1, 1912, defendant filed and served an answer, in which he denies recording the land contract as described in complainant's bill, and states—

"That he did, as register of deeds, on the 16th day of October, A. D. 1912, at 3:05 p. m. on said day, duly record an instrument in his office purporting to be an assignment of interest in lands made and executed by Alois Thuner to Imogene Thuner; that said instrument aforesaid was duly executed and acknowledged and certified according to the laws of this State, and as such entitled to record in said office under the laws of said State,

by entering the same on said day and said time in the entry book provided by law to be kept by him, noting in such entry book the said day and said hour and minute of the reception of said instrument as aforesaid, all of which appears in and by such entry book, and did at the same time indorse on said instrument the aforesaid day, hour, and minute of the reception of such instrument so recorded."

On the same date that defendant filed his answer he also filed and served a motion to dissolve the preliminary injunction granted on the filing of complainant's bill for the following reasons:

"(1) Because said injunction was improvidently granted.

"(2) Because the bill of complaint in said cause is without any equity.

"(3) Because said court is without jurisdiction to restrain the official acts of said defendant.

"(4) Because all parties interested in the subject-matter of this said cause are not made parties to the same."

Said motion was duly brought on for argument on the 23d day of November, 1912, at which time it was conceded by counsel for the respective parties that a certain instrument now set forth in the printed record is the instrument in question in said suit. After argument and submission of said motion, the court ordered the preliminary injunction set aside, "dissolved, and held for naught." It is admitted by counsel for defendant that, upon said motion to dissolve, all facts and matters which could have been shown at a full hearing in open court were presented; that said order of dissolution was a final disposition of the case, and is appealable. The instrument conceded, on argument of the motion aforesaid, to be the one in question, as it appears on the pages of the printed record, consists, first in order, of the contract, or "memorandum of agreement" described in complainant's bill. It is signed by complainant and Robert Thuner, dated January 14, 1909, and, briefly stated, relates to certain lands described therein jointly purchased by them, recites

the assigning by Thuner of his interest to complainant as collateral for certain indebtedness, states the relations of the parties and condition of the title, provides that, within a reasonable time, complainant shall plat and put the property on the market and divide the net profits between them, deducting from Thuner's share certain indebtedness owing by him to complainant. Following this contract, and evidently indorsed thereon in the original, appears an assignment, also dated January 14, 1909, by Robert Thuner to Alois Thuner of "all my right, title and interest in and to one-half of my share of the profits that may arise and be coming to me under and by virtue of the above contract." This is followed by an assignment from Alois Thuner to Imogene Thuner of the interest in the original contract previously assigned by Robert to Alois Thuner. The assignment gives a description of the real estate, the date and nature of the previous contract and assignment, and says, "which contract and assignment are hereto attached," concluding:

"Now, therefore, for a valuable consideration to me in hand paid, I hereby sell, assign, transfer and set over unto Imogene Thuner, of the city of Detroit, all my right, title and interest in and to my share of said profits which may be coming to me, by virtue of the assignment thereof to me, by said Robert Thuner as aforesaid.

"ALOIS THUNER.

"Signed, sealed, and delivered in presence of:
"CHAS. W. CASGRAIN.
"EVA DOXTATOR"—

And was duly acknowledged before a notary public of Wayne county, on October 15, 1912. The recording laws (section 9035, 3 Comp. Laws, 4 How. Stat. [2d Ed.] § 10876) authorize the execution and acknowledgment of contracts for the sale of land, or any interest therein, in the same manner as the execution of deeds; and section 9038 provides:

"SEC. 4. Any contract executed and acknowledged according to the foregoing provisions shall, with the certificates (certificate) thereto attached, be entitled to be re-

corded in the office of the register of deeds of the county where the lands lie, and the recording of the same shall have the same force and effect as to subsequent incumbrancers and purchasers, as the recording of deeds and mortgages, as now provided by law."

It is manifest that the contract between complainant and Robert Thuner of January 14, 1909, standing alone and as an original instrument, is not entitled to record under the recording laws. Neither is the indorsement thereon by Robert Thuner of a half interest in his share of the profits to Alois Thuner. But by proper recitals and references and the attachment of said instrument to the assignment from Alois Thuner to Imogene Thuner it is claimed by defendant that the same is made a part thereof and entitled to record as such, the assignment to Imogene being duly witnessed and acknowledged, entitling it to record beyond question. Therefore the whole must be treated as one duly witnessed and acknowledged instrument when presented for record.

Just what this ingenious device for getting on record in the office of the register of deeds an instrument which alone and of itself is not entitled to record would profit any one beyond the fees realized by the register might be an interesting question, if material; but, irrespective of that field of inquiry, complainant's bill cannot be sustained. It is purely an injunction bill, and nothing more, and it does not state any substantial injury which would result to complainant from the act sought to be restrained. The only ground alleged, as already quoted, is that certain matter set out in the original contract is not such as is usually set out in land contracts, is private to the parties, and of no interest to the public, and complainant therefore dislikes to have it recorded.

"Substantial and positive injury must always be made to appear to the satisfaction of a court of equity before it will grant an injunction, and acts which, though irregular and unauthorized, can have no injurious results, constitute no ground for the relief." 1 High on Injunctions, § 9.

It is also elementary that courts of equity will not interfere by injunction solely to give relief against injury to one's feelings, nor for mere protection of the right of privacy, although the case may be such that redress is available in other proceedings.

The bill is also defective for want of parties. Imogene Thuner, the assignee of an interest in the original contract, and the person who proceeded to have the instrument recorded for the protection of her rights, is a party in interest, entitled to be heard, and would be a necessary defendant in any view of the case.

We think the learned circuit judge correctly dissolved and held for naught the preliminary injunction, and his order herein appealed from is affirmed, with costs.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.